UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES PELTIER,

    Plaintiff,                    Civil No. 2:15-13719
                                      HONORABLE GERALD E. ROSEN
v.                             UNITED STATES DISTRICT JUDGE

DANIEL H. HEYNS, et. al.,

    Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Before the Court is Plaintiff Charles Peltier's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Thumb Correctional Facility in Lapeer, Michigan. For the reasons stated below, the complaint is **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

1

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

Plaintiff claims that until recently, the Michigan Department of

Corrections (M.D.O.C.) permitted prisoners to use and possess disposable razors. At the end of 2015, Daniel Heyns, the director of the M.D.O.C., appointed a steering committee to draft Departmental Office Memorandum (D.O.M.) 2015-25, which reclassifies disposable razors as dangerous contraband. Subject to a few a exceptions, prisoners in Michigan are now prohibited from possessing disposable razors and must use electric shavers now for shaving. Plaintiff was found guilty of a major misconduct for possessing four disposable razors. Plaintiff does not appear to have forfeited any good time credits but merely lost seven days privileges. Plaintiff claims that the M.D.O.C. did not follow their own procedures for promulgating this new rule. Plaintiff seeks monetary and injunctive relief.

### IV.  Discussion

Plaintiff's complaint is subject to dismissal for several reasons.

First, to the extent that plaintiff claims that the M.D.O.C. did not follow their own rules or regulations for creating DOM 2015-25, he would not be entitled to relief. State officials are not required to follow their own procedural statutes and rules as a matter of federal due process. *Sweeton v. Brown*, 27 F. 3d 1162, 1165 (6th Cir. 1994)(en banc); *See also Coleman v. Martin,* 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005). Therefore, the fact that DOM 2015-

3

25 was promulgated in violation of state procedures would not entitle plaintiff to relief.

To the extent that plaintiff is challenging his actual misconduct conviction, he is not entitled to relief because there is no indication that plaintiff suffered a loss of good time credits as a result of his conviction. [1]

The Supreme Court has held that a disciplinary regulation does not implicate a liberty interest unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Sixth Circuit has repeatedly held that misconduct convictions that do not result in the loss of good time credits are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g., McMillan v. Fielding,* 136 F. App'x 818, 820 (6th Cir. 2005); *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Carter v. Tucker*, 69 F. App'x. 678, 680 (6th Cir. 2003); *Sotherland v. Myers*, 41 F. App'x 752, 753 (6th Cir. 2002). Plaintiff does not allege or establish that he lost any good time credits as a result of his misconduct conviction, thus, he is not entitled to relief on his claim.

---

[1] Plaintiff attached to his complaint the Class 1 Misconduct Report finding him guilty. The disposition section indicates that the hearing officer ordered seven days loss of privileges but no loss of good time credits.

4

The Court will dismiss the complaint because it fails to state a claim for which relief can be granted. The Court will also deny plaintiff's pending motions to mediate, for a temporary restraining order, to order notification when service is made, and for summary judgment.

Finally, because plaintiff's complaint lacks any arguable basis in the law, this Court certifies that any appeal by the plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

### V.  ORDER

**IT IS HEREBY ORDERED** that plaintiff''s complaint is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

**IT IS FURTHER ORDERED** that the motion to mediate [Dkt. # 6], the supplemental motion for a temporary restraining order [Dkt. # 9], the motion for notification of service [Dkt. # 10], and the motion for summary judgment [Dkt. # 11] are **DENIED.**

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

                              s/Gerald E. Rosen
                              United States District Judge

Dated: May 3, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 3, 2016, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135